# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Koyo N Brown, | No. CV-20-00733-PHX-ROS (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Magistrate Judge Deborah M. Fine recommends Petitioner Koyo N. Brown's motion to stay be denied. (Doc. 30). Brown filed objections, to which Respondents responded. (Docs. 31; 32). Because Brown's objections fail to persuade the Court, Judge Fine's recommendations will be adopted in full.

## BACKGROUND

Brown does not object to the factual background set forth in the Report and Recommendation ("R&R"). Therefore, that background will be adopted in full. In 2014, Brown was convicted of one count of child molestation and one count of sexual misconduct with a minor. (Doc. 30 at 2). Brown was sentenced to 17 years imprisonment followed by a consecutive life term. (Doc. 30 at 3). Brown directly appealed his convictions and sentences to the Arizona Court of Appeals. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Brown did not file a pro se supplemental brief. (Doc. 30 at 3). On December 10, 2015, the Arizona Court of Appeals affirmed Brown's convictions and sentences. (Doc. 30 at 3). After not filing for review in the state or federal

supreme court, Brown's convictions and sentences became final on January 14, 2016. (Doc. 30 at 3).

In early October 2015, while his direct appeal was pending, Brown filed a Notice of Post-Conviction Relief ("PCR"), but his counsel found no bases in fact or law for post-conviction relief. (Doc. 30 at 4). Brown proceeded pro se alleging, among other claims, ineffective assistance of counsel, though not for the reasons claimed in this habeas proceeding. (Doc. 30 at 4). On April 26, 2017, the superior court dismissed the PCR petition, finding several of Brown's claims were precluded and the properly raised claims were meritless. (Doc. 30 at 4–5). Brown then filed a petition for review with the Arizona Court of Appeals, which granted review but denied relief. (Doc. 30 at 5). The Arizona Supreme Court denied review and the mandate issued on May 21, 2019. (Doc. 30 at 5).

On April 13, 2020, Brown filed the present federal habeas petition ("Petition") alleging two grounds: (1) prosecutorial misconduct in asking questions about the intricacies of DNA to confuse the jury and (2) ineffective assistance of counsel for failure to adequately cross examine the prosecution's forensic scientists. (Doc. 1 at 5–8). Brown acknowledged that neither ground had been exhausted in state court at the time of filing the Petition. (Doc. 1 at 5–8, 12). The Petition appears to have been timely filed and Respondents do not contend otherwise; however, there is a strong argument that the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations has run since the filing of the Petition. (*See* Docs. 17; 11 at 4). Thus, if the Petition is dismissed for failure to exhaust any claims in state court, then Brown's refiled Petition would very likely be time barred. (*See* Doc. 11 at 4).

The same day Brown filed his Petition in this Court, Brown filed a second PCR in state court, which alleged as its grounds "actual innocence denied by ineffective assistance of counsel and flagrant prosecutorial misconduct to confuse jury for adverse verdict." Brown did not provide any further details. (Doc. 17-1 at 198–200). On May 29, 2020, Respondents moved for a stay of these proceedings based on Brown's second PCR proceeding being pending in the superior court. (Doc. 11). The Court did not immediately

resolve the request for a stay. On June 2, 2020, the trial court dismissed Brown's second PCR proceeding for failure to state a claim upon which relief can be granted in a successive Rule 32 proceeding. (Docs. 17-1 at 203–04; 14-1 at 3–4). Brown filed a "Notice of Appeal" but, pursuant to Arizona law, appellate review of the denial of relief in a PCR proceeding is by way of petition for review. (Docs. 17-1 at 206–208, 210; 26 at 4–5). Thus, the Arizona Court of Appeals dismissed the appeal.[1] (Docs. 17-1 at 210; 26 at 4–5). Brown also filed several petitions for review in the Arizona Court of Appeals but, at the time he made those filings, he had moved for reconsideration in the trial court. (Doc. 26 at 4–5). Because the motion for reconsideration was pending, the court of appeals struck the petitions for review and instructed Brown he could seek review again once the motion for reconsideration was resolved. (Docs. 17-1 at 206–208, 210; 26 at 4–5; 29 at 2).

On July 23, 2020, Respondents moved to withdraw their motion to stay because the superior court had dismissed Brown's successive petitions for PCR and the court of appeals had dismissed the appeal as improper. (Doc. 14). Magistrate Judge Fine granted Respondents' request the following day. (Doc. 15).

On July 28, 2020, Brown filed a "Notice of Status" and "Motion to Request Continuance of Stay," which the Court construed as a motion to stay. (Docs. 16; 19). Brown argues for a stay because his "post-conviction matter is pending review" in the court of appeals and his claims will either be "mooted by [the court of appeals] ruling in his favor or otherwise required to petition the Arizona Supreme Court for certiorari before his state-level procedures for collateral relief are exhausted." (Doc. 16 at 2).

While Brown did not file a reply in support of his motion to stay, Brown did file status reports containing argument in support of his motion to stay. (Docs. 21; 26; 29). Those reports concede the superior court dismissed Brown's second PCR proceedings but point to Brown's motion for reconsideration that was still pending at the time he filed the status reports. (Docs. 21; 26; 29).

Magistrate Judge Deborah M. Fine filed her Report and Recommendation ("R&R")

---

[1] Brown also filed a document with the Arizona Supreme Court that appears to have been rejected as improper. (Docs. 17-1 at 212–13).

on October 19, 2020. (Doc. 30). In her R&R, Judge Fine explained a stay lacked good cause, would be futile, and was inappropriate in this case. (Doc. 13–16).

Brown filed an objection on November 5, 2020. (Doc. 31). There, Brown attached a minute entry from the superior court, dated October 29, 2020. (Doc. 31 at 5). In it, the superior court wrote, "The Court has received and reviewed the Defendant's Motion for Clarification/Status on October 19, 2020[,]" and "affirms its previous ruling made on June 2, 2020 and will take no further action." (Doc. 31 at 5). That appears to be a denial of the motion for reconsideration Brown claimed was still pending. Brown now argues Judge Fine did not have the benefit of the superior court's minute entry from October 29, 2020 and Judge Fine was misled by Respondents arguing nothing was pending on the superior court docket. (Doc. 31 at 1–3).

After filing his objections to the R&R, on November 16, 2020, Brown filed a "Motion To: Request This Court To Place A Stay On The Above Case, As the Motion Was Premature And The Petitioner Requests That This Court Be Preserved At a Later Date." (Doc. 34). In it, Brown acknowledges his prior motion to stay was premature and once again asks the Court to stay this proceeding. (Doc. 34 at 1). Brown does not provide any explanation why a stay would now be appropriate.

**ANALYSIS**

As Judge Fine explained, a habeas petitioner seeking a stay of federal proceedings to exhaust claims in state court may invoke either the *Rhines* procedure or the *Kelly* procedure. (Doc. 30 at 11). Brown has not satisfied the requirements for either type of stay. (Doc. 30 at 13). Under the *Rhines* procedure, the Court may stay a habeas proceeding while all claims remain pending in federal court and are protected from statute-of-limitations issues until the Petitioner has exhausted his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). The petitioner must show (1) good cause for his failure to earlier exhaust the claims in state court, (2) the exhausted claims are not "plainly meritless," and (3) he has not engaged in "abusive litigation tactics or intentional delay." *Id.* Under the *Kelly* procedure, the Petitioner voluntarily dismisses unexhausted

claims, while the exhausted claims are stayed in the habeas proceeding. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). This procedure can only be applied to a mixed petition of both exhausted and unexhausted claims. *See id.* at 1138–40.[2] After the petitioner has exhausted the dismissed claims in state court, the petitioner may seek to amend the dismissed claims back into the petition. *Id.* at 1135. However, the dismissed claims are not protected from any time bar. *Id.* at 1140–41. *Kelly* stays do not require good cause but will be denied if a stay would be futile. *Knowles v. Muniz*, 228 F. Supp. 3d 1009, 1016 (C.D. Cal. 2017) (citation omitted); *see also Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003), *overruled on other grounds* (holding that a stay is appropriate only "when valid claims would otherwise be forfeited").

Brown does not argue good cause in any filing and thus is not eligible for a *Rhines* stay. (Docs. 30 at 13; 33). A *Kelly* stay would be futile as the Court is unaware of any pending state court proceedings, Brown's claims are all unexhausted, and any refiled claims would likely be time-barred. Despite filing a minute entry from the superior court affirming the prior June 2020 dismissal of Brown's second PCR, the Court still has no records showing any ongoing PCR proceedings in state court. Brown's second PCR was vague and lacked sufficient legal and factual detail for exhaustion. (Doc. 17-1 at 198–200). Taken together with Brown's admission that he did not exhaust this Petition's claims in his direct appeal or first PCR, a stay would be futile. Moreover, under the *Kelly* procedure, Brown would voluntarily dismiss all his claims, which would then likely be time barred. None of Brown's objections show good cause or that a stay would be fruitful. Because Brown does not have good cause and a stay would be futile, the R&R will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 30) is **ADOPTED** in full.

**IT IS FURTHER ORDERED** Petitioner's motion to stay (Doc. 16) is **DENIED**.

---

[2] In a petition containing only unexhausted claims, no claims would remain after voluntarily dismissal of unexhausted claims preventing the granting of a stay.

1   **IT IS FURTHER ORDERED** Petitioner's motion to stay (Doc. 34) is **DENIED**.

2   **IT IS FURTHER ORDERED** Petitioner shall file a reply in support of the
3   Petition no later than **February 3, 2021**.
4   Dated this 4th day of January, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge